UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRIS WAGEMANN and CORP. FOR NATIONAL & COMMUNITY SERVICE,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF LABOR EMPLOYEES' COMPENSATION APPEALS BOARD,<br><br>    Defendant. | NO. 2:16-CV-00372-JLQ<br><br>ORDER OF DISMISAL, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

On November 3, 2016, this court entered an Order to Show Cause (ECF No. 2) directing Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Since the entry of that Order, Plaintiff, proceeding *pro se*, filed a Legal Brief (ECF No. 3), a "Notice of Dismissal/Removal Object" (ECF No. 8), and a "Motion to Show Cause" (ECF No. 10). The Government filed Responses to the Legal Brief (ECF No. 6) and "Notice" (ECF No. 9), requesting the court to dismiss this matter pursuant to Fed.R.Civ.P. 12(b)(1). Although Plaintiff requested oral argument in her Motion, she did not follow the procedure to obtain oral argument. *See* Local Rule 7.1(h)(3)(B). Additionally, the court finds oral argument is not warranted to resolve the issues before the court. *See* Local Rule 7.1(h)(3)(B)(iv).

## I.    Introduction

This case was removed to this court on October 21, 2016, pursuant to 28 U.S.C. § 1442. (ECF No. 1). There is no formal complaint filed in this matter, however, a review of the voluminous documents filed by Plaintiff establishes the following factual

background.

On July 24, 2012, Plaintiff filed a claim with the United States Department of Labor based on alleged injuries she suffered while working as a resource development specialist. (ECF No. 1-1 at 5). On February 8, 2013, the Office of Workers' Compensation Programs ("OWCP") denied her claim, finding she did not meet her burden of proof to establish a causal relationship between her medical conditions and her alleged injuries at work. (ECF No. 1-1 at 5). Reconsideration of the decision was denied on June 10, 2014. (ECF No. 1-1 at 6).

On November 21, 2014, the Employees' Compensation Appeals Board ("Board") denied Plaintiff's administrative appeal and affirmed the OWCP's decision. (ECF No. 1-1 at 6). Plaintiff again moved for reconsideration by the OWCP, which was denied by decision dated November 25, 2015. (ECF No. 1-1 at 7).

Plaintiff appealed the November 25, 2015, decision to the Board. (ECF No. 1-1 at 4). On September 15, 2016, the Board issued its decision affirming the OWCP decision and denying Plaintiff's claim. *See* (ECF No. 1-1 at 3-10).

On October 5, 2016, Plaintiff filed suit in Spokane County Superior Court, seeking judicial review of the Board decision dated September 15, 2016. *See* (ECF No. 1-3). The Government removed that matter to this court.

Plaintiff alleges the Department of Labor "illegally closed" her claim. (ECF No. 8 at 3). She asserts the Board's denial of her claim rests on "fraudulent[] findings" and "false testimony." (ECF No. 8 at 2-3). Plaintiff states she filed suit in Spokane County Superior Court "to take the appeal and decision rights against the U.S. Department of Labor." (ECF No. 8 at 14). Plaintiff seeks "to be paid by the U.S. Department of Labor until she is released to work according to a physician." (ECF No. 8 at 14).

## II.    Discussion

The Federal Employee's Compensation Act ("FECA") "establishes a comprehensive and exclusive workers' compensation scheme for federal employees." *Markham v. U.S.*, 434 F.3d 1182, 1187 (9th Cir. 2006); 5 U.S.C. § 8102(a). The Secretary

of Labor has the authority to administer and determine all questions under FECA. 5 U.S.C. § 8145; *Markham*, 434 F.3d at 1187.

"The action of the Secretary or his designee in allowing or denying a payment" under FECA is "final and conclusive for all purposes and with respect to all questions of law and fact" and is "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b); *see also*, *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 779-80 & n.13 (1985) (citing 5 U.S.C. § 8128 as an example where "Congress intend[ed] to bar judicial review altogether").

Plaintiff argues judicial review is appropriate, citing the Revised Code of Washington, stating it provides the authority to review the Department of Labor's denial of her claim. *See* (ECF No. 8 at 17). Plaintiff argues the state statute applies to more than just state employees because it "does not state [it applies] only if you are not a federal employee." (ECF No. 10 at 3).

The statute Plaintiff cites provides for judicial review for workers' compensation decisions under Washington State's Industrial Insurance Act. *See* RCW 42.52.210. Plaintiff mistakenly conflates state law as being applicable to federal employees, and her reliance thereon is misplaced because FECA preempts state law. *See Wilson-Sauls v. Curtis*, 359 Fed. Appx. 856, 858 (9th Cir. 2009) (unpublished) (citing *Young v. Coloma-Agaran*, 340 F.3d 1053, 1055-57 (9th Cir. 2003)). Accordingly, state law does not provide for subject matter jurisdiction or judicial review.

Plaintiff also argues subject matter jurisdiction is appropriate based on 28 U.S.C. §§ 1367 and 1442. *See* (ECF No. 10 at 3). However, these statutes are inapplicable because they do not preempt 5 U.S.C. § 8128's bar on judicial review. Lastly, Plaintiff cites to 28 U.S.C. § 1346(b)(1) which confers jurisdiction of claims brought under the Federal Tort Claims Act. (ECF No. 10 at 3-4). It is unclear whether Plaintiff is actually alleging a tort claim in addition to seeking judicial review of the Board's decision, but in any event any possible claim under the Federal Tort Claims Act is barred because of FECA's exclusivity provision. *Moe v. U.S.*, 326 F.3d 1065, 1068 (9th Cir. 2003).

None of Plaintiff's arguments overcome the plain language of 5 U.S.C. § 8128. Plaintiff seeks to have this court review and correct alleged errors in the Board's decision. Such review is not available under federal law, and state law is preempted. For all of these reasons, this matter must be dismissed.

**IT IS HEREBY ORDERED**:

1.      The construed Complaint (ECF No. 1-1) and the claims therein are **DISMISSED WITH PREJUDICE**.

2.      The Clerk is directed to enter Judgment dismissing the construed Complaint (ECF No. 1-1) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees to any party.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and Judgment, furnish copies to counsel and Ms. Wagemann, and close this file.

Dated December 12, 2016.

S/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4